

Cite as 2013 Ark. App. 611

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-13-485

| | | |
|---|---|---|
| | | **Opinion Delivered** October 30, 2013 |
| GREGORY JONES | APPELLANT | APPEAL FROM THE STONE COUNTY CIRCUIT COURT [NO. CR-2011-72] |
| V. | | HONORABLE JOHN DAN KEMP, JUDGE |
| STATE OF ARKANSAS | APPELLEE | REMANDED TO SETTLE THE RECORD |

## BRANDON J. HARRISON, Judge

Gregory Jones appeals from a conditional plea of guilty to driving while intoxicated (DWI) and argues that the circuit court erred in denying his motion to suppress. He contends that the evidence against him was obtained in violation of Ark. R. Crim. P. 3.1. We decline to reach the merits of Jones's argument at this time and instead remand to settle the record.

On 25 August 2011, the Stone County District Court found Jones guilty of DWI. Jones appealed to the Stone County Circuit Court and filed a motion to suppress the evidence against him, arguing that the officers lacked reasonable suspicion to "stop and detain" him under Ark. R. Crim. P. 3.1. In his motion, Jones explained that on the night of 18 February 2011, the Stone County Sheriff's Office conducted a sobriety checkpoint on State Highway 5 North at the county line of Izard County. According to Jones, officers observed him turn into a driveway approximately 500 yards south of the checkpoint. Officers went to the

driveway to investigate and detected the odor of intoxicants upon making contact with him. The officers administered field-sobriety tests, and as a result of those tests, Jones was arrested and charged with DWI.

Jones asserted that, according to the incident report prepared by the arresting officer, the police had no facts, other than his lawful conduct of turning off of the highway, to support reasonable suspicion to pursue and detain him. Jones argued that the "traffic stop was initiated by officers because of the mere appearance that [he] may be trying to avoid the sobriety checkpoint" and that this "mere appearance" did not give rise to reasonable suspicion to support an investigatory stop under Rule 3.1. In response, the State argued that *Coffman v. State*, 26 Ark. App. 45, 759 S.W.2d 573 (1988), was on point and supported a finding of reasonable suspicion.

In lieu of a hearing on the matter, the court reviewed the motion to suppress and the parties' briefs and issued a letter opinion denying Jones's motion to suppress. The court ruled that *Coffman* was on point and that the facts of this case supported a finding that the police officer "possessed the requisite reasonable suspicion necessary to effectuate a constitutionally permissible investigatory stop." Jones entered a conditional plea of guilty to DWI and appealed the denial of his motion to suppress to this court.

In reviewing the denial of a motion to suppress evidence, this court conducts a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the circuit court. *Davis v. State*, 351

2

Ark. 406, 94 S.W.3d 892 (2003). A finding is clearly erroneous, even if there is evidence to support it, when the appellate court, after review of the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Lee v. State*, 2009 Ark. 255, 308 S.W.3d 596.

On appeal, Jones again argues that the evidence against him was obtained in violation of Rule 3.1. Citing the police incident report, Jones asserts that the only fact supporting the officer's approach to his vehicle was the lawful conduct of turning off of the highway and into a driveway, which does not amount to reasonable suspicion. This raises the problem that requires us to remand. In his motion to suppress below, and again in his argument on appeal, Jones refers to an incident report prepared by the arresting officer that is not in the record. In its order, the court said that "[t]he facts presented to the Court surrounding this stop support a finding" of reasonable suspicion, but it is unclear to what facts the court is referring. That no hearing was held on the motion to suppress means that no testimony was received. The incident report therefore appears to be the primary source of facts on which the court based its finding that reasonable suspicion existed.

We remand to the circuit court to determine whether this incident report was actually placed in the record. If it was not, the circuit court must enter an order so stating for transmittal to this court; if it was, the circuit court must submit a certified supplemental record to include the omitted incident report. Jones will then have fifteen days to file a substituted brief that conforms with Ark. Sup. Ct. R. 4-2 (2013). The State will then be given the opportunity to supplement or substitute its appellee's brief.

Remanded to settle the record.

GRUBER and WHITEAKER, JJ., agree.

*Blagg Law Firm*, by: *Ralph J. Blagg*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.